**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| TERRY JOE COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-521-JDK |
| | § | |
| LESLEY MOON PHILLIPS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case was removed from state court on the basis of diversity jurisdiction. Plaintiff seeks a remand under the "probate exception" to federal subject-matter jurisdiction, arguing that the case requires the Court to reach a *res* in custody of a state court probate proceeding. As explained below, however, the case presents only a breach of contract claim between two parties. Adjudicating that claim does not require the Court to order the probate court to take any action or to conduct any probate functions itself. The probate exception thus does not apply, and the motion to remand (Docket No. 11) is **DENIED**.

**I. Factual Background**

Plaintiff Terry Joe Cook is an individual domiciled in Texas; specifically, he resides in Gregg County, Texas. Docket No. 1 ¶ 2; *id.*, Ex. 5 ¶ 2. Defendant Lesley Moon Phillips is the personal representative and administrator of the Estate of John H. Moon; Phillips is domiciled in Broward County, Florida. Docket No. 1 ¶¶ 3, 9. John H. Moon, the decedent, engaged in business in Texas, and Plaintiff's claims arise out of that business. Docket No. 1, Ex. 5 ¶ 3.

1

Cook alleges that in 2004 he and John H. Moon entered into an agreement giving the survivor an exclusive right to purchase any or all of the decedent's "Commonly Owned Properties," including ownership interests in companies and minerals (the "Agreement"). *Id.* ¶ 10. Cook alleges that the Agreement specified that the exclusive right to purchase the properties would vest at the decedent's death, and that the purchasing survivor is required to give the decedent's estate notice of his intent to purchase within 90 days of the decedent's death. *Id.* According to Cook, the Agreement requires the purchase to close within 60 days of the purchaser's delivery of an agreed-upon appraisal to the estate's representative, and then payment would occur and the representative is required to convey title to the subject properties. *Id.* When Moon died on February 25, 2025, Lesley Moon Phillips ("Phillips") was appointed Representative of Moon's estate. *Id.* ¶ 11.

Cook alleges that he notified Phillips on April 15, 2025, of his intent to purchase and of the appraisal values for some of the properties subject to the Agreement, including mineral interests in Gregg County. Cook allegedly provided a second notice on August 20, 2025, but on both occasions, Phillips failed to close within 60 days as required by the Agreement. *Id.* at ¶ 11.

Accordingly, Cook sued Phillips in state court on October 28, 2025, in Cause No. 2025-1796-CCL2 (*Terry Joe Cook v. Lesley Moon Phillips, as Personal Representative and Administrator of the Estate of John H. Moon*) in County Court at Law No. 2 in Gregg County, Texas, requesting the remedies of "specific performance and all available damages." *Id.* at ¶ 16.

The state court petition asserts two claims: (1) breach of contract (Docket No. 1, Ex. 5 ¶¶ 13–17), and (2) an accounting of estate income for royalties generated from the subject mineral interests during the time Cook asserts he should have been allowed to acquire those interests under the Agreement (Docket No. 1, Ex. 5 ¶¶ 18–20).  Phillips removed the action under 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 ¶ 6.

Cook timely filed a motion to remand.  Docket No. 11. The motion raises the "probate exception" to diversity jurisdiction as the reason for remand.  Docket No. 17 at 2.

## II. Legal Background

"Federal courts are courts of limited jurisdiction."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[A court] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Id.*  On a motion to remand, the removing party bears the burden of establishing that federal jurisdiction exists, and all ambiguities must be construed in favor of remand.  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citing *Manguno v. Prudential Prop.  & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  To determine whether jurisdiction is present, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno*, 276 F.3d at 723.

As noted above, Phillips removed this case based on the diversity of the parties under 28 U.S.C. § 1332, which Cook does not dispute.  Docket No. 1 ¶ 6.  "Among

3

longstanding limitations on federal jurisdiction otherwise properly exercised are the so-called 'domestic relations' and 'probate' exceptions.'" *Marshall v. Marshall*, 547 U.S. 293, 299 (2006).

"The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311–12; *see also Mitchell v. Jefferson*, 2018 WL 1516773, at *9 (E.D. Tex. Mar. 28, 2018) (explaining that the probate exception is a "judicially created limitation on federal court subject matter jurisdiction"). Federal courts do, however, have jurisdiction to entertain suits "in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims, so long as it does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946) (internal quotations omitted). To determine whether a suit in federal court "interferes" with state probate proceedings, courts consider whether the plaintiff's claim "implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981) (citing *Akin v. Louisiana Nat'l Bank*, 322 F.2d 749 (5th Cir. 1963)). Thus, while a federal court lacks jurisdiction "to disturb or affect the possession of property in the custody of a state court," *Markham*, 326 U.S. at 494, the court can "adjudicate rights in such property," *id.* In essence, a

federal court can issue a judgment that requires the state court "to recognize the right adjudicated by the federal court," *id.*

To the matter at hand, the Fifth Circuit has held that the probate exception bars a federal court only from "(1) probating or annulling a will or (2) 'seek[ing] to reach a *res* in custody of a state court' by 'endeavoring to dispose of [such] property.'" *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) (quoting *Marshall*, 547 U.S. at 312–13). The issue here is whether Cook's state-law claims would require the Court to "reach a *res* in the custody of a state court," *id.* To determine whether adjudicating a claim would require a court to "reach a *res*," the Fifth Circuit has established a two-prong test: "(1) whether the property in dispute is estate property within the custody of the probate court, and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Curtis*, 704 F.3d at 409 (citing *Marshall*, 547 U.S. at 312–13).

If the answer to both inquiries is yes, then the probate exception applies and the federal court lacks subject-matter jurisdiction.

### III. Analysis

Neither side here disputes the first prong—that the properties at issue are estate properties "within the control of" the probate court. Thus, the only question is whether the second prong is satisfied: does exercising jurisdiction in this case require the Court to assume *in rem* jurisdiction over the disputed properties?

The short answer to that question is no because Cook's claim for breach of contract is *in personam*, requiring the Court to adjudicate only a claim between two

parties.  It does not require the Court to exercise *in rem* jurisdiction over a particular property.[1]  Cook's preferred remedy of specific performance does not change this outcome because, even if the Court ordered specific performance, it would not be directing or interfering with the probate court.

### A. Breach of contract is an *in personam* action.

A claim for breach of contract is undoubtedly an *in personam* proceeding. *Ericsson Inc. v. Samsung Elecs. Co.*, 2021 WL 89980, at * 7 (E.D. Tex. Jan. 11, 2021) ("Breach of contract claims are *in personam* actions.").  *In personam* means "against the person." *In Personam*, BLACK'S LAW DICTIONARY (12th ed. 2024).  In legal terms, it's an action brought "against a person," "rather than [against] the property," "involving or determining the personal rights and obligations of the parties." *Id.*  "An action is said to be *in personam* when its object is to determine the rights and interests of the parties themselves in the subject matter of the action, however the action may arise, and the effect of a judgment in such an action is merely to bind the parties to it." *Id.*  "A normal action brought by one person against another for breach of contract is a common example of an action *in personam*." *Id.* (citing R.H. Graveson, *Conflict of Laws* 98 (7th ed. 1974)).  In contrast, an action *in rem* is "against a thing" and is brought to "determin[e] the status of a thing, and therefore the rights of persons generally with respect to that thing." *In Rem*, BLACK'S LAW DICTIONARY (12th ed. 2024).

---

[1] Cook does not appear to raise his claim for an "accounting of the estate" as a basis for remand.  The briefing for both sides focused on the breach of contract claim.  Therefore, the Court will address only the breach of contract claim as the basis for remand.

Thus, because a breach of contract claim seeks to hold another person liable for breaching a contract, it is a "against the person" rather than against any subject matter of the contract. *See Gulf Coast Shell & Aggregate LP v. Newlin*, 623 F.3d 235, 237 (5th Cir. 2010) (distinguishing between an *in rem* action for possession of a particular boat and an *in personam* action for breach of contract against the defendant personally); *see also Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990) ("An *in rem* action is brought against 'property alone, treated as responsible for the claims asserted by the plaintiffs. The property itself is the defendant and its forfeiture or sale is sought for the wrong.' An *in personam* action, by contrast, determines a defendant's personal rights and liabilities." (quoting *Freeman v. Alderson*, 119 U.S. 185, 187 (1886) (alterations omitted)).

**B. Specific performance does not convert *in personam* action into *in rem*.**

Cook argues that his claim should nevertheless be treated as an *in rem* action because he seeks specific performance—compelling Phillips to sell him the properties in dispute. This request for relief, Cook contends, imbues the action with *in rem* characteristics such that ordering specific performance would require the Court to interfere with the *res* that is in the state court's custody.

Not so. A suit seeking specific performance is still a suit *in personam*. *Texas & N. O. R. Co. v. Phillips*, 211 F.2d 419, 420 (5th Cir. 1954); *see also Com. Nat. Bank of San Antonio v. Cont'l Bank & Tr. Co. of New York*, 88 F.2d 160, 162 (5th Cir. 1937) ("This is a suit for specific performance of a written contract, and is a proceeding *in personam*."). State courts agree. *Kinkead v. Clark*, 239 S.W. 717, 718 (Tex. Civ.

7

App.—San Antonio 1922, no writ) ("[T]his being a suit for specific performance[,] the action is personal and not *in rem*."); *see also Hearst v. Kuykendall*, 16 Tex. 327, 329 (Tex. 1856) ("An action for the recovery of lands has a wellknown and definite signification, and means an action of ejectment, trespass to try title, or a suit to recover the land itself; whereas the object of a suit by vendee*, for specific performance, is not the recovery of the land itself, but to enforce a contract for its sale*, and the delivery of a deed or title for the land." (emphasis added)).

In a case with similar facts, the Fifth Circuit exercised subject-matter jurisdiction and held that specific performance was an appropriate remedy in a breach of contract claim involving property tied up in a probate proceeding. *See Elsas v. Yakkassippi, L.L.C.*, 746 F. App'x 344, 346 (5th Cir. 2018) (per curiam). In *Elsas*, the representative of the deceased's estate attempted to enforce a contract for the sale of the estate's mineral interests to Yakkassippi. The representative filed suit in state court, seeking specific performance of the contract. Yakkassippi removed to federal court and raised various contract defenses. The district court determined that Yakkassippi was liable for breach, and the Fifth Circuit affirmed. The Fifth Circuit, however, remanded on the ground that the district court should have considered specific performance as the appropriate remedy for the breach. On remand, the district court ordered specific performance, and on appeal in *Elsas II* (*Elsas v. Yakkassippi, L.L.C.*, 811 F. App'x 255, 257 (5th Cir. 2020) (per curiam)), the Fifth Circuit affirmed. Neither the parties nor the courts held that the probate exception precluded federal jurisdiction.

8

Cook cites *Janvey v. Hamric*, 2015 WL 11120301, at \*6 (N.D. Tex. Nov. 5, 2015), but that case is inapposite.  In *Janvey*, the underlying state suit was a breach of fiduciary duty claim seeking a turnover order as the remedy.  The court reasoned that a turnover order "would essentially entail this Court ordering [the executor], in his capacity as an executor, to distribute estate property to satisfy a judgment."  *Id.* at \*7.  "Doing so would be for this Court to exercise *in rem* jurisdiction over the estate property at issue, thus satisfying the probate exception's second requirement."  *Id.* Here, in contrast, deciding that Cook is contractually entitled to certain property would not require the Court to order the probate court to distribute anything.  Cook would still be required to file this Court's judgment with the probate court as a claim on the estate.  *See* TEX. EST. CODE § 355.066 (requiring that a court's judgment be filed with the probate court in which the estate is pending).

## IV. Conclusion

In sum, the probate exception to diversity jurisdiction does not apply here.  The motion to remand (Docket No. 11) is **DENIED**.

So **ORDERED** and **SIGNED** this **6th**   day of  **July, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE